UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VITO ANTHONY HOMES AND**
**BUILDING COMPANY, a Michigan**
**corporation,**

               **Plaintiff(s),**        **CASE NUMBER: 07-15141**
                                                **HONORABLE VICTORIA A. ROBERTS**
**v.**

**CITY OF ROCHESTER, a Michigan**
**Municipal corporation, KENNETH A. JOHNSON,**
**EDWARD ALWARD and DAVE KOWALSKI,**

               **Defendant(s).**
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR ATTORNEY FEES AND COSTS

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Vito Anthony Homes and Building Company's ("Vito") "Motion for Attorney Fees and Costs." (Doc. #8). Vito asks the Court for $19,970.86.

Vito's motion is **DENIED**.

**II.    BACKGROUND**

This case was settled on April 22, 2008 subject to approval by the Rochester City Council. The Rochester City Council approved the settlement on May 12, 2008. The settlement agreement requires the Court to determine if Vito is entitled to attorney fees and costs. The parties agreed that the Court's decision is binding.

1

## III. APPLICABLE LAW AND ANALYSIS

### A. Costs Pursuant to Fed. R. Civ. P. 54(d)(1)

Fed. R. Civ. P. 54(d)(1) says, "unless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the *prevailing party*" (emphasis added).

"Prevailing party" is a legal term of art. It is defined as a party who either: (1) receives a judgment on the merits; or (2) obtains a settlement agreement that is enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001) (citations omitted).

A party to a private settlement is not a "prevailing party." *See id.* at 604 n.7 ("Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal") (citation omitted).

Vito did not receive a judgment on the merits and there is no consent decree. For those reasons, Vito is not a "prevailing party," and its request for costs pursuant to Fed. R. Civ. P. 54(d)(1) is denied.

### B. Attorney Fees Pursuant to Fed. R. Civ. P. 54(d)(2)

Fed. R. Civ. P. 54(d)(2)(A) and (B) says:

A claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days *after the entry of judgment*;
(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

(Emphasis added).

Under Rule 54(d)(2)(B), a party must necessarily obtain a judgment to receive attorney fees. Because Vito did not receive a judgment, its request for attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) is denied.

### C. Frivolous Defense

Vito cites MCLA §600.2591(1) and MCR 2.625(A)(2) to support its argument that it is entitled to attorney fees and costs because the City of Rochester presented a frivolous defense.

Michigan law does not apply to this case. "In Federal courts, the allowance or disallowance of costs, including attorneys' fees, is governed by Federal law, not by State law." *Palomas Land & Cattle Co. v. Baldwin*, 189 F.2d 936, 938 (9th Cir. 1951). Under Fed. R. Civ. P. 11(c)(1):

> If, after notice and a reasonable opportunity to respond, the court determines that [Fed. R. Civ. P.] 11(b) has been violated [because the defense is frivolous, for example], the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

"The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Defendants relied on The City of Rochester's Tree Ordinance to prohibit the

3

completion of a driveway for Vito's home on 135 Highland. The City of Rochester relied on governmental immunity. Based on the limited information before the Court, these defenses seem meritorious. The Court denies Vito's request for attorney fees and costs on this basis.

### D. Michigan's Condemnation Procedures Act

Vito relies on Michigan's Condemnation Procedures Act to support its argument that it is entitled to attorney fees and costs. *See* MCLA §213.66(2):

> If the property owner, by motion to review necessity or otherwise, successfully challenges the agency's right to acquire the property, or the legal sufficiency of the proceedings, *and the court finds the proposed acquisition improper*, the court shall order the agency to reimburse the owner for actual reasonable attorney fees and other expenses incurred in defending against the improper acquisition.

(Emphasis added).

Vito's argument fails for two reasons. First, the Court did not find the proposed acquisition improper; the parties reached a private settlement agreement. Second, whether Vito is entitled to attorney fees and costs is governed by Federal law, not State law. *See Palomas Land & Cattle Co.*, 189 F.2d at 938.

## IV. CONCLUSION

The Court **DENIES** Vito's motion.

Defendants' request for sanctions under Fed. R. Civ. P. 11 is also **DENIED**. Vito's motion was not frivolous; the settlement agreement allowed Vito to file a motion for attorney fees and costs.

**IT IS ORDERED**.

4

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 17, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 17, 2008.

s/Carol A. Pinegar
Deputy Clerk